IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF : | |
| MCLEAN CONTRACTING AS OWNER OF : | CIVIL ACTION |
| THE M/V YORKTOWN, SWEET PEA, AND : | NO. 14-5676 |
| JOSEPHINE FOR EXONERATION FROM, OR : | |
| LIMITATION OF, LIABILITY : | |

Jones, II    J.                                                                 June 16, 2017

## MEMORANDUM AND ORDER

This is a wrongful death case involving allegations of benzene exposure on various vessels owned by Mclean Contracting Co. The deceased, Christopher Carlile Jr., was a member of the crews of those vessels. The complaint alleged that, during Mr. Carlile's employment with McLean, he was exposed to benzene, he developed acute myeloid leukemia (AML) as a result of this exposure, and he died at thirty-eight because of his AML in 2012. His three surviving heirs are Laura Carlile, wife and administratrix of his estate, and his two children, Madelynn Rose Carlile and Christopher Pennock Carlile, III. Madelynn is seven and Christopher is five.

After more than three years of litigation, the parties settled and Ms. Carlile now petitions this Court for approval of the settlement agreement involving her minor children pursuant to Pennsylvania Rule of Civil Procedure 2039(a).[1] This Court held a hearing to consider the petition on June 14, 2017. The petition raises two items this Court must approve: (1) the total amount of the settlement, and (2) the allocation of the settlement proceeds between attorneys and beneficiaries, including the minors. Pet. 15-16, ECF No. 71.

---

[1] "No action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor." Pa.R.C.P. No. 2039(a). Local Rule 41.2(a) includes a similar provision: "No claim of a minor or incapacitated person or of a decedent's estate in which a minor or incapacitated person has an interest shall be compromised, settled, or dismissed unless approved by the court."

1

Courts typically afford "considerable weight" to the judgment of counsel and the parties in determining the "fair value of the lawsuit." *Calvert v. Gen. Acc. Ins. Co.*, No. 99-3599, 2000 WL 124570, at *6 (E.D. Pa. Feb. 2, 2000). Given the technical aspects of the subject matter and the agreement of all the parties, this Court will not second-guess the settlement amount. However, with respect to the sufficiency of the petition for purposes of approving the allocation of the proceeds between counsel and the minors, three significant deficiencies stand out.

First, the petition lacks any description of the children's current mental condition or any possible future mental health needs. *See id.* (denying petition with leave to renew, because it lacked any information on the children's present and future mental health needs, "relevant facts" for deciding "the best interests of the minors" in a wrongful death case). At the hearing, counsel stated that the minors have not been subjected to any psychological evaluation, nor have their future mental health needs been taken into account in determining their respective allocations.

Second, the petition does not offer enough information to assess the reasonableness of counsel's fee. The proposed counsel fee is set at forty percent of the gross settlement amount, including the children's share, consistent with a contingency agreement signed by Ms. Carlile. *See* Ex. C, ECF No. 71-3. But a court "is not bound to all of the terms of a contingency fee arrangement" involving minors. *Calvert*, 2000 WL 124570, at *6. Rather, "as the protector of the minor's interests, the court must independently investigate the fee to be charged to ensure that it is fair and reasonable." *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 670 (E.D. Pa. 2000). The burden is on counsel to persuade the court that "the attorneys' fees and costs requested are reasonable and equitable." *Id.*

The analysis begins with the "lodestar amount" determined by "the court of common pleas in the county with jurisdiction over the minor[.]" *Id.* In deciding whether to deviate from

that amount, "courts consider the following factors: (1) the amount of work performed; (2) the character of the services rendered; (3) the difficulty of problems involved; (4) the importance of the litigation; (5) the degree of responsibility incurred; (6) whether the fund involved was 'created' by the attorney; (7) the professional skill and standing of the attorney in her profession; (8) the result the attorney was able to obtain; (9) the ability of the client to pay a reasonable fee for the services rendered; and (10) 'very importantly' the amount of money in question." *Id.* (citing to *Gilmore v. Dondero,* 582 A.2d 1106, 1109-10 (Pa. Super. 1990)).

The petition does not address these factors directly and, as counsel conceded at the hearing, no such analysis was conducted in determining counsel's fee. Instead, the petition states that the fee is appropriate "due to the complexity of the medical, scientific and legal issues involved in this case and the extensive and sophisticated work performed by counsel." Pet. 18. Counsel had to establish Mr. Carlile's entire work history and benzene exposure by reviewing "tens of thousands" of Defendants' documents. *Id*. at 19. Counsel also "obtained and reviewed over 6,400 pages of medical records," and took twelve depositions and defended three others. *Id*. And he interviewed other witnesses and worked with various experts.

That information is not enough to perform a thorough lodestar analysis. To start, the petition does not say where the children live, an indispensable fact in determining the reasonableness of counsel's fee. *See Nice*, 98 F. Supp. 2d at 670. At the hearing, counsel averred the children live in Montgomery County, which has a presumptive lodestar fee of twenty-five percent. *See* Montgomery County Court of Common Pleas Local Rule 2039(a)(1)(A)(7). Although counsel is asking for an upward deviation of fifteen percent from the lodestar to the proposed forty-percent fee, the petition offers no benchmark or comparative data to justify the significant increase. *See Nice*, 98 F. Supp. 2d at 671 (rejecting thirty-seven

percent fee in favor of the usual lodestar of twenty-five percent because "counsel provided no information concerning the customary hourly rates in plaintiffs' counsel's relevant geographic area or the customary rates for similar work.").

The petition also lacks any information as to "the ability of the client to pay a reasonable fee for the services rendered." *Nice*, 98 F. Supp. 2d at 670. This information allows the court to determine whether a reduction in damages awarded to the minors is warranted in order to pay the higher counsel fee on the basis that the plaintiff has the ability to pay the higher amount without compromising the children's well-being. At the hearing, counsel stated that Ms. Carlile's ability to pay had been considered in determining the proposed counsel fee, but offered no further details. Suffice it to say, the petition states that Ms. Carlile will be able to draw from the children's allocation to provide for their most basic needs, further suggesting that the higher counsel fee may be disproportionately affecting the children's fund.

Third, it should be noted that this Court sanctioned the plaintiff's counsel in the course of this litigation for repeatedly failing to comply with scheduling orders to the potential detriment of his client's case, a fact that could weigh against deviating upwards from the lodestar. *See Johnson By Johnson v. Coletta*, No. 88-4480, 1989 WL 69512, at *1 (E.D. Pa. June 20, 1989) ("in determining the reasonableness of a contingent fee agreement contained within a proposed minor's settlement, the Court may consider such factors as . . . the quality of the [legal] work," quoting *McKenzie Construction, Inc. v. Maynard*, 758 F.2d 97, 100 (3d Cir. 1985) (alternations supplied)); *Nice*, 98 F. Supp. 2d at 671 ("in assessing the effectiveness of counsel's performance," courts may consider "the professional skill and standing of the attorney in her profession," quoting *Gilmore,* 582 A.2d at 1109-10). Counsel fails to address this foible.

4

At the hearing, counsel indicated he was prepared to conduct a lodestar analysis. This Court directed him instead to submit supplemental briefing with relevant evidence and indicated that this matter would be referred to a magistrate judge for a report and recommendation on the reasonableness of counsel's proposed fee under a lodestar analysis. Counsel consented to the reference. Accordingly, this Court issues the following order:

**AND NOW**, this 16th day of June, 2017, upon consideration of Plaintiff's Petition to Approve Settlement of a Wrongful Death and Survival Action and For Leave to Settle or Compromise Minor's Action (ECF No. 71), and the representations of counsel during the in camera hearing held June 14, 2017, it is hereby **ORDERED** that:

1. The Petition is **GRANTED IN PART**. It is granted only insofar as the gross settlement amount is **APPROVED**, but a decision is **RESERVED** with respect to the allocation of the proceeds between counsel fees and damages awarded to the beneficiaries, including the minors;

2. Counsel for Plaintiff is **DIRECTED** to file supplementary briefing <u>no later than July 14, 2017</u>, addressing the reasonableness of the proposed counsel fee under a lodestar analysis in a manner consistent with this Court's memorandum; and

3. This matter is **REFERRED** to the Honorable Lynne A. Sitarski, U.S. Magistrate Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b).

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. Darnell Jones, II    J.